IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANTHONY FINERSON,

                              Petitioner,

          v.                                    CASE NO. 18-3017-JWL

BUREAU OF PRISONS,

                              Respondent.


**MEMORANDUM AND ORDER**

     This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in state custody in Missouri, challenges the execution of his federal sentence by the Federal Bureau of Prisons ("BOP") and seeks a nunc pro tunc designation to the Missouri Department of Corrections ("MDOC") for service of his federal sentence. He also contends that his federal sentence began on May 16, 2014, when his federal sentence was imposed, and he seeks credit from that time.

**Background**

     Petitioner is subject to both state and federal sentences.

     On November 23, 2013, he was charged in the United States District Court for the Eastern District of Missouri with three counts of conspiracy to defraud the United States Department of Agriculture Supplemental Nutrition Assistance Program.

     On November 25, 2013, he was sentenced to a term of ten years in the Circuit Court of St. Louis County, Missouri, in Case No. 10SL-CR05014-0.

     On December 13, 2013, the United States District Court for the Eastern District of Missouri issued a writ of habeas corpus ad

prosequendum for petitioner's initial appearance and other proceedings. Upon the completion of the proceedings, petitioner was to be returned to the MDOC.

On December 15, 2013, petitioner was taken into the custody of the United States Marshals Service ("USMS"). He remained in federal custody under writ until February 2014.

On February 12, 2014, petitioner entered a guilty plea to two counts of the federal indictment in the United States District Court for the Eastern District of Missouri. He was returned to the custody of the MDOC later that day.

On May 13, 2014, petitioner was returned to the custody of the USMS for his federal sentencing proceeding. On May 16, 2014, he was sentenced to concurrent terms of 24 months on each count; the judgment directed that the "sentence shall run consecutive" to his sentences in two Missouri cases.

On May 21, 2014, petitioner was returned to the custody of the MDOC. On June 17, 2014, he was sentenced to a term of four years in a second Missouri case, Case No. 13SL-CR01847-01.

On November 29, 2017, the BOP notified petitioner of the denial of his request for a designation nunc pro tunc.

## Discussion

Habeas corpus relief is available when a prisoner is held "in custody in violation of the Constitution or laws or treaties of the United States". 28 U.S.C. § 2241(c)(3). "The principal purpose of a § 2241 application is to challenge the execution, rather than the validity, of a federal prisoner's sentence." *Hale v. Fox*, 829 F.3d 1162, 1165 n. 2 (10th Cir. 2016).

**Nunc Pro Tunc Designation**

After a federal sentence is imposed, the United States Attorney General, through the BOP, has the sole authority to make credit determinations under 18 U.S.C. § 3585(b). *U.S. v. Wilson*, 503 U.S. 329, 334 (1992). The BOP also has the authority to determine where federal prisoners will serve their sentences, including decisions concerning nunc pro tunc designations for prisoners who also have state sentences. *See Setser v. United States*, 566 U.S. 231, 132 S.Ct. 1463, 1468 n. 1 1470 (2012)(although the federal sentencing court determines whether sentences are to be served consecutively or concurrently, 18 U.S.C. § 3621(b) authorizes the BOP to designate the facility where the federal sentence will be served).

Under BOP Program Statement 5160.05, *Designation of State Institution for Service of Federal Sentence*, a designation for the concurrent service of sentences may be made only when it is consistent with the intent of the federal sentencing court or goals of the criminal justice system.

The most typical reason for designating a non-federal institution for service of a federal sentence is that primary custody was in the non-federal jurisdiction and the federal sentencing court intended the concurrent service of its sentence with the non-federal sentence. Accordingly, when a prisoner requests a nunc pro tunc designation, the BOP considers the request in light of the record. Under P.S. 5160.05, "[w]hen a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed, the Bureau implements such order or recommendation, ordinarily by designating the state facility as the place to serve

the federal sentence." *Id.*, § 7(c) [1]. However, the BOP "will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence." *Id.*, §9 (b)(4)(f)[2].

Here, because the order of the federal sentencing court clearly directed petitioner to serve his federal sentence consecutively to the state sentences, the BOP's denial of the petitioner's request for a nunc pro tunc designation was in compliance with P.S. 5160.05.

### Commencement of federal sentence

Petitioner also contends that his federal sentence began at the time that sentence was imposed. He argues that the writ of habeas corpus ad prosequendum expired when he was returned to state custody following his guilty plea in federal court on February 12, 2014, and that his transfer to federal authorities for sentencing effected a transfer of primary custody that began the running of that sentence.

The U.S. Attorney General is vested with the exclusive authority to determine when a federal sentence begins. *Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002). Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Here, petitioner's return to the custody of Missouri officials after his federal sentencing proceeding plea did not operate to commence his federal sentence. *See Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006)(a federal sentence does not commence until a prisoner is placed

---

[1] Doc. #13, E. I, p. 43.
[2] *Id.* at p. 47.

in federal custody "for that purpose.").

The application for writ of habeas corpus ad prosequendum under
which petitioner was transferred seeks his appearance in the U.S.
District Court for the Eastern District of Missouri "for an initial
appearance and at other times and dates" and for his return to his
Missouri custodian "upon the completion of such proceedings" (Doc.
#13, Attach., Ex. D). The plain language of this document does not
require the narrow reading that petitioner seeks, namely, that the
writ expired upon his return to Missouri custody after his guilty plea
and was of no effect when he was returned to the federal court for
sentencing. The Tenth Circuit has made clear that a court should
consider both the manner in which a prisoner is turned over from one
sovereign authority to another and the subsequent conduct of those
authorities in determining whether a transfer of primary custody
occurred. *See Stroble v. Terrell*, 200 Fed.Appx. 811, 816-17 (10th Cir.
2006)(denying petition under § 2241, where, despite erroneous
transfer of prisoner to federal facility, nothing else in parties'
conduct suggested they believed that primary custody had transferred
from state to federal authorities; federal authorities had recognized
error and returned petitioner to state custody).

Here, the petitioner was returned to state custody shortly after
his federal sentence was imposed and continued to serve his state
sentence. The operative writ of habeas corpus ad prosequendum refers
to multiple dates and times, and there is no evidence that either the
federal or state authorities intended more than a temporary transfer
of the petitioner for his federal sentencing proceeding. Therefore,
on the facts presented, the Court finds petitioner's transfer to
federal custody for sentencing did not commence the running of his

federal sentence.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied.

**IT IS SO ORDERED.**

DATED:  This 10th  day of April, 2018, at Kansas City, Kansas.


s/ John W. Lungstrum
JOHN W. LUNGSTRUM
U.S. District Judge